## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ZEBEDEE LOTT**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO.  05-6046**

**JAMES D. MILLER (WARDEN OF THE**                            **SECTION "I"(4)**
**WASH. CORRECTIONAL INSTITUTION)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.     Factual Background

The petitioner, Zebedee Lott ("Lott"), is incarcerated in the Rayburn Correctional Center (f/k/a Washington Correctional Institute) in Angie, Louisiana.[2]  On March 21, 2000, Lott was charged by Bill of Information in St. Tammany Parish with simple escape ("Count One"), theft of

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

property valued over $500 ("Count Two"), and simple criminal damage to property valued over $500 ("Count Three").[3]

On June 27, 2000, the Trial Court granted the State's Motion to Sever Counts Two and Three for trial purposes.[4]  Jury selection for the trial on Count 1, simple escape, began that same day.[5] After the jury was selected and sworn, the State withdrew its motion to sever Counts Two and Three and amended Count Three to simple criminal damage to property valued less than $500.[6]  Lott thereafter entered a plea of guilty as charged.[7]

The State filed a multiple bill on June 28, 2000, to which Lott also entered a plea of guilty.[8] On October 6, 2006, the Trial Court sentenced him as a multiple offender on Count One to serve 30 years with credit for time served.[9]

On October 11, 2006, Lott's counsel filed a motion to reconsider that sentence which was granted by the Trial Court on November 2, 2000.[10]  The court resentenced Lott to 25 years on that count.  The Court also sentenced Lott to serve five years as to Count Two and six months as to Count Three, with credit for time served and concurrent with the sentence on Count One.

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 1/22/00.

[4]*Id*. (handwritten amendments); Trial Minutes (3 pages), 6/27/00.

[5]St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00; St. Rec. Vol. 2 of 4, Trial Transcript, 6/26/00.

[6]*Id*.; St. Rec. Vol. 2 of 4, Boykin Transcript, 6/27/00.

[7]*Id*.

[8]St. Rec. Vol. 1 of 4, Minutes of Multiple Bill Hearing, 6/28/00; St. Rec. Vol. 2 of 4, Multiple Bill, 6/28/00.

[9]St. Rec. Vol. 1 of 4, Sentencing Minutes, 10/6/00; St. Rec. Vol. 2 of 4, Sentencing Transcript, 10/6/00.

[10]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/2/00; St. Rec. Vol. 2 of 4, Motion to Reconsider Sentence, 10/11/00; Transcript of Hearing on Motion to Reconsider Sentence, 11/2/00.

On November 3, 2000, Lott filed a pro se motion to reconsider the sentence imposed as to Count One.[11]  The Trial Court denied the motion on November 10, 2000, as heard on November 2, 2000.[12]

In the meantime, on November 7, 2000, counsel timely[13] moved for and was granted leave to appeal.[14]  Counsel raised two grounds for relief alleging that the sentence on Count One was excessive and that the trial court failed to properly advise Lott regarding delays for seeking post conviction relief.[15]  Lott also raised, pro se, one other ground for relief regarding the excessiveness of his sentence on Count One.[16]

On September 28, 2001, the Louisiana First Circuit Court of Appeal affirmed the convictions and sentence.[17]  The Court also directed the Trial Court to notify Lott of the delays for seeking post conviction relief.  The Trial Court complied by letter dated October 23, 2001.[18]

---

[11]St. Rec. Vol. 2 of 4, Motion for Reconsideration of Sentence, 11/3/00.

[12]St. Rec. Vol. 2 of 4, Trial Court Order, 11/10/00.

[13]At the time of petitioner's conviction, La. Code Crim. P. art. 914 required a criminal defendant  to move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider sentence.  Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[14]St. Rec. Vol. 2 of 4, Motion for Appeal, 11/7/00; Trial Court Order, 11/10/00.

[15]St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01; *State v. Lott*, 800 So.2d 450 (La. App. 1st Cir. 2001) (Table).

[16]St. Rec. Vol. 2 of 4, Assignment of Errors and Designation of Record for Appeal, 12/4/00.

[17]St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01.

[18]St. Rec. Vol. 3 of 4, Letter to Lott, 10/23/01.

Lott sought timely[19] review of the appeal in the Louisiana Supreme Court by Writ Application mailed October 18, 2001 and filed November 13, 2001.[20]  While this Writ Application was pending, Lott filed a Motion to Correct Illegal Sentence in the Trial Court on April 18, 2002.[21]  The Trial Court denied the motion on May 7, 2002, for being in improper form.[22]  Lott also filed a Motion to Vacate an Illegal Multiple Bill Sentence on July 22, 2002.[23]  The Trial Court denied this motion without reasons on August 2, 2002.[24]

Thereafter, on October 14, 2002, the Louisiana Supreme Court denied Lott's pending Writ Application without reasons.[25]  His conviction became final 90 days later on Sunday, January 12, 2003, or the next business day, Monday, January 13, 2003, because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

---

[19]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. His writ application had a postal meter date of October 18, 2001, which was within that period.  *See* St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2001-KO-2964, 11/3/01 (indicating post mark of 10/18/01); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[20]St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2001-KO-2964, 11/3/01 (post mark 10/18/01).

[21]St. Rec. Vol. 3 of 4, Motion Correction of Illegal Sentence-Review of Illegal Sentence, 4/18/02.

[22]St. Rec. Vol. 3 of 4, Trial Court Order (undated); Letter from Clerk of Court, 5/7/02 (date order was issued).

[23]St. Rec. Vol. 3 of 4, Motion to Vacate Multiple Bill Sentence, 7/22/02.

[24]St. Rec. Vol. 3 of 4, Trial Court Order, 8/2/02.

[25]*State v. Lott*, 827 So.2d 414 (La. 2002); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2001-KO-2964, 10/14/02.

II.     **Procedural History**

In the meantime, on October 29, 2002, Lott filed a Motion to Correct and Vacate his allegedly illegal multiple offender sentence.[26]  The Trial Court denied the motion and Lott sought timely[27] review with the Louisiana First Circuit.[28]  The Court denied the Writ Application without reasons on May 5, 2003.[29]

Lott mailed a Memorandum in Support of Application for Post Conviction Relief to the Trial Court on May 26, 2003, which was filed by that court on June 2, 2003.[30]  Lott raised four claims: (1)  ineffective assistance of counsel during the multiple bill proceeding for failure to notify him of the sentencing range and failure to present mitigating factors; (2) the Trial Court failed to vacate the original sentence before imposing the multiple offender sentence; (3) the Trial Court failed to consider the sentencing factors provided under La. Code Crim. P. art. 894.1; and (4) the Trial Court erred in using the simple escape conviction during the multiple bill proceeding when that conviction was not yet final.

---

[26]St. Rec. Vol. 3 of 4, Motion to Correct and Vacate Illegally Multiple Offender Adjudications, 10/29/02.

[27]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal.  La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[28]The record does not contain a copy of the Trial Court's ruling.  In his Notice of Intent to Seek Supervisory Writs, Lott indicates that the motion was denied on January 9, 2003.  St. Rec. Vol. 3 of 4, Notice of Intent, 1/23/03.  The Trial Court gave Lott until March 17, 2003, to file his Writ Application.  The Writ Application No. 03-KW-0369 is not in the record before the Court.  The filing date of February 18, 2003, was obtained from the Office of the Clerk for the Louisiana First Circuit.

[29]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2003-KW-0369, 5/5/03.

[30]St. Rec. Vol. 3 of 4, Memorandum in Support of Application for Post Conviction Relief, 6/2/03.

While this matter was pending, Lott filed two more motions for reconsideration of sentence with the Trial Court on February 12, 2004, and June 1, 2004.[31]  The Court denied both motions by orders issued February 17, 2004 and June 21, 2004, respectively.[32]

On June 4, 2004, the Trial Court denied Lott's pending application for post conviction relief finding that the first and fourth claims, regarding ineffective assistance of counsel and finality of the simple escape conviction, were without merit.[33]  The Court also found that the second and third claims, regarding sentencing errors, were barred from review pursuant to La. Code Crim. P. art. 930.3.[34]  Lott's subsequent Writ Application to the Louisiana First Circuit was denied on September 27, 2004, pursuant to La. Code Crim. P. art. 930.3.[35]

In the meantime, Lott filed another Motion to Correct his multiple offender sentence in the Trial Court on August 20, 2004.[36]  The Trial Court eventually denied the Motion on October 25, 2004.[37]

---

[31]St. Rec. Vol. 3 of 4, Motion for Out of Time Reconsideration of Sentence, 2/12/04; Memorandum in Support of Reconsideration and Commutation of Sentence, 6/1/04.

[32]St. Rec. Vol. 3 of 4, Trial Court Order, 2/17/04; Trial Court Order, 6/21/04.

[33]St. Rec. Vol. 3 of 4, Order Dismissing Application for Post Conviction Relief, 6/4/04.

[34]*Id.*

[35]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2004-KW-1732, 9/27/04.

[36]St. Rec. Vol. 3 of 4, Motion to Correct An Illegal Multiple Offender Adjudication, 8/20/04.

[37]This ruling is not in the record.  The ruling date is referenced in a later court order denying a subsequent motion as repetitive of this one.  St. Rec. Vol. 3 of 4, Trial Court Order, 7/13/05.

On November 9, 2004, Lott mailed an untimely[38] Writ Application to the Louisiana Supreme Court, which was filed on December 1, 2004, challenging the Louisiana First Circuit's September 27, 2004, order.[39]   In this Writ Application, Lott raised two grounds for relief: 1) ineffective assistance of counsel subjected him to an illegal sentence where counsel failed to provide a factual basis, allowed insufficient evidence to support the multiple bill, and failed to investigate the predicate offense; and 2) the trial court failed to comply with La. Code Crim. P. art. 894.1.

While this Application was pending, Lott filed a Motion to Amend, Modify and/or Reconsideration of Sentence with the Trial Court on July 7, 2005.[40]  The court denied the motion as previously heard on October 25, 2004.[41]

He filed on August 17, 2005, two other motions seeking to vacate the multiple bill and for reconsideration of the sentence.[42]  The Trial Court denied both motions without reasons by separate orders dated August 23, 2005.[43]

---

[38]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. He did not date the signature on the writ application.  It was, however, postal marked November 9, 2004, and filed December 1, 2004.  Both dates are outside the allowable period.  *See* St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (post marked envelope attached, 11/9/04); La. S. Ct. Letter, 2004-KH-2928, 12/1/04 (post mark 11/9/04); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[39]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (post mark 11/9/04).

[40]St. Rec. Vol. 3 of 4, Motion to Amend, Modify, and/or Reconsideration of Sentence, 7/7/05.

[41]St. Rec. Vol. 3 of 4, Trial Court Order, 7/13/05.

[42]St. Rec. Vol. 3 of 4, Motion to Vacate an Illegal Multiple Bill, 8/17/05; Motion for Reconsideration of Sentence, 8/17/05.

[43]St. Rec. Vol. 3 of 4, Trial Court Order, 8/23/05; Trial Court Order (2), 8/23/05.

While the latter motions were pending in the Trial Court, the Louisiana Supreme Court denied Lott's pending Writ Application without reasons on August 19, 2005.[44]

Lott later filed a Writ Application with the Louisiana First Circuit on September 19, 2005, seeking review of the Trial Court's rulings issued August 23, 2005.[45]  The Louisiana First Circuit denied the Writ Application without reasons on November 15, 2005.[46]

## III.   Federal Petition

On December 7, 2005, Lott filed a petition for federal habeas corpus relief in which he alleged the following grounds for relief:[47] 1) ineffective assistance of counsel where counsel did not advise him of the sentencing range and he was not advised of his rights under Boykin; 2) the Trial Court exceeded its jurisdiction by failing to vacate the original sentence before imposing the multiple offender sentence; 3) he was exposed to double jeopardy because the simple escape conviction was not yet final at the time of the multiple offender hearing; 4) the 25 year multiple offender sentence was excessive and the trial court failed to provide reasons for it as required under La. Code Crim. P. art. 894.1.

Along with the original petition, Lott filed a supplemental petition in which he provided additional reasons in support of the grounds raised in the original petition.  For the sake of clarity, the claims addressed in the supplemental petition were: 1) ineffective assistance of counsel (see Claim No. 1 above); 2) the Trial Court failed to vacate the original sentence before imposing the

---

[44]*State ex rel. Lott v. State*, 908 So.2d 660 (La. 2005); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2004-KA-2928, 8/19/05.

[45]The record does not contain a copy of this Writ Application.  The filing date of September 19, 2005, for Writ Application No. 2005-KW-2036 was obtained from the Office of the Clerk for the Louisiana First Circuit.

[46]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2005-KW-2036, 11/15/05.

[47]Rec. Doc. No. 1.

multiple offender sentence (see Claim No. 2 above); 3) the Trial Court failed to articulate reasons for imposing the sentence (see Claim No. 4 above); 4) the simple escape conviction was not yet final when used in the multiple offender proceeding and the other predicate convictions were not valid for use in that proceeding (see Claim No. 3 above).

The State filed a response to Lott's petition alleging that the petition was not timely filed.[48] Alternatively, the State, erroneously recognizing only four claims in the petition, determined that Lott had exhausted state court remedies, three of the claims were in procedural default, and the one remaining claim was without merit.

A proper review of the record and the claims actually raised in the Louisiana Supreme Court reflects that Lott's petition is timely and two of his claims have not been exhausted. For the following reasons, the State's limitation defense is rejected and Lott's petition must be dismissed for failure to exhaust state court remedies.

## IV.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[49] applies to Lott's petition, which is deemed filed in this court under the federal mailbox rule on August 27, 2005.[50] The threshold questions in habeas review under the amended

---

[48]Rec. Doc. No. 10.

[49]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[50]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Due to

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has addressed the timeliness of the petition, exhaustion and procedural default in its response.

## V.   <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[51] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). In its opposition to Lott's petition, the State argues that, because Lott entered a plea of guilty, he was not entitled to take an appeal under Louisiana law. Therefore, the State argues, the appeal was not properly filed and therefore Lott is not entitled to any tolling for the pendency of the appeal. As a result, the State determined that the time in which he should have sought federal habeas corpus relief expired in June

---

the extraordinary circumstances of and mail and processing delays caused by Hurricane Katrina, the clerk of court filed Lott's federal habeas petition on December 7, 2005, when the pauper application was granted. Lott dated his signature on the petition on August 27, 2005. This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing.

[51]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

27, 2001, one year from entry of his plea of guilty to the underlying charges.  The arguments made by the State in this regard are wholly without legal basis as the laws of finality and timeliness under Louisiana law and federal habeas corpus law are different than that asserted by the state.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Herein lies many of the errors and fallacies in the State's limitation defense to Lott's petition. First, under Louisiana law, Lott's appeal was properly filed.  A guilty plea waives all non-jurisdictional defects in the proceedings; however, an unqualified guilty plea does not waive "jurisdictional" defects.  *State v. Kujawa*, 929 So.2d 99, 102 n.5 (La. App. 1st Cir. 2006).  In fact, Louisiana law allows for an appeal from the sentence after a guilty plea where the sentence was not part of the plea agreement.  *State v. Raymond*, 708 So.2d 1156, 1157 (La. App. 1st Cir. 1998).  The defendant does not lose the right to appeal the unconstitutional excessiveness of the sentence or any other sentencing defect raised by motion to reconsider.  *State v. Mims*, 619 So.2d 1059, 1060 (La. 1993); *State v. Shipp*, 754 So.2d 1068, 1071 (La. App. 1st Cir. 1999).

Second, and most relevant to timeliness, a <u>direct</u> appeal is neither "state post conviction" nor "other collateral review" under the AEDPA.  *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *McGee v. Cain*, 104 Fed. Appx. 989, 990-991 (5th Cir. Jul. 28, 2004).  A timely appeal after the conviction and sentence is within the direct line of review and is used in determining the finality of the conviction for AEDPA purposes.  *Id*. Thus, the AEDPA's tolling doctrine is not implicated or considered when evaluating the pendency of a direct appeal.  The direct appeal goes to determining finality of the conviction so that the Court can determine when the AEDPA's one-year filing period begins.  *Id*.

In this case, as determined above, Lott's direct review did not end until January 12, 2003, or the next business day, January 13, 2003, which was 90 days after the Louisiana Supreme Court

denied his writ on October 14, 2002, and the period for seeking review in the United States Supreme Court expired. *Id.*

Third, a review of the procedural history outlined above reflects that Lott had properly filed state post conviction and other collateral review pending in the various Louisiana courts in such an overlapping manner as to toll the great majority of the time between finality of his conviction on January 13, 2003, and the signing of his federal habeas corpus petition on August 27, 2005. The one-year filing period did not elapse under a proper tolling calculation. The State's limitations defense is factually and legally incorrect and must be rejected.

The fact that the petition is timely, however, does not require this Court to review the merits of Lott's claims. As noted above, the record reflects that Lott has failed to exhaust state court remedies as to several of his claims.

## VI.    Exhaustion Requirement

The State, with little discussion, argues that Lott has exhausted state court remedies. However, once again the State is incorrect. As will be discussed in more detail, it is not enough for Lott to have raised his claims in any state court, as suggested by the State's response. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). He is required to have raised his claims to the state's highest court, the Louisiana Supreme Court, which he has not done. *Id.* The Court is not confronted with an intelligent, intentional waiver, but instead one based on legal and factual error. *Cf. Day v. McDonough*, 126 S. Ct. 1675, 1683-1684 (2006) (an affirmative defense to a habeas which is based on error is not a waiver). Even if a waiver is intended, the Court need not accept a waiver of the exhaustion requirement and may reject same where the state courts should have an opportunity to consider the claims. *Earhart v. Johnson*, 132 F.3d 1062, 1065-66. As a result, the State's

suggestion of exhaustion lacks merit.  The Court, however, will *sua sponte* raise the exhaustion doctrine in the interest of comity and justice.  *See Day*, 126 S. Ct. at 1683-1684; *Grandberry v. Greer*, 481 U.S. 129, 134-135 (1987).

**Therefore, Lott is hereby placed on notice that the exhaustion doctrine is being considered by this court and any objection by petitioner to the court's assessment of this issue must be timely filed as required at the conclusion of this report**.  *Day*, 126 S. Ct. at 1685-85; *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court.  *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "This requirement is not satisfied if the petitioner presents new legal theories or

14

new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court.  *Baldwin*, 541 U.S. at 32.  A prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id.*

As outlined above, Lott had only two Writ Applications presented to the Louisiana Supreme Court related to this conviction.  A review of the claims raised in each Application reflects that Lott has not fairly presented each of the claims and legal arguments raised in this federal petition to the Louisiana Supreme Court.

In his 2001 Writ Application filed after direct appeal, the record reflects that Lott challenged the alleged excessiveness of the sentence as he did in his direct appeal to the Louisiana First Circuit.[52]  Lott filed his second Writ Application in 2004 raising only two claims for relief:[53]  1) ineffective assistance of counsel where counsel failed to provide a factual basis for the plea, allowed insufficient evidence to support the multiple bill, and failed to investigate the predicate offenses; and 2) the trial court failed to articulate reasons for sentencing as required by La. Code Crim. P. art. 894.1.  The Louisiana Supreme Court denied both Writ Applications without providing reasons.

Comparing these claims with those raised in the instant federal habeas corpus petition demonstrates that Lott has failed to present to the Louisiana Supreme Court the following claims

---

[52]The record does not contain a copy of this application.  The briefs from Lott and the State indicate that Lott sought review of his excessive sentence claim raised in the direct appeal.  The Court was unable to obtain a copy of the Writ Application directly from the Clerk of the Louisiana Supreme Court as records dating that far back are still unavailable as a result of Hurricane Katrina.

[53]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04.

for which he seeks federal review: 1) ineffective assistance of counsel for failure to assure that he received notice of his rights under Boykin; 2) the court exceeded its jurisdiction because it never vacated the original sentence before imposing the multiple bill sentence; and 3) he was exposed to double jeopardy when he was sentenced as a multiple offender when the simple escape conviction was not yet final and the prior convictions were not valid for multiple bill purposes.

These Louisiana Supreme Court filings clearly establish that Lott has failed to fairly present these claims to the Louisiana Supreme Court. For this reason, the Court finds that Lott has failed to exhaust state court remedies as to these three claims. The record discloses no good cause for Lott's failure to exhaust and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The record shows that Lott has inundated the state trial court with motions seeking review of his sentences. He has not made, however, a diligent effort to seek full review of the lower courts' orders through to the Louisiana Supreme Court.

Therefore, this mixed petition containing both exhausted and unexhausted claims must be dismissed without prejudice to allow exhaustion, unless Lott withdraws the unexhausted claims or amends his complaint to raise only exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); *Whitehead*, 157 F.3d at 387.

**VII.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Zebedee Lott's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after

16

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th

Cir. 1996).

New Orleans, Louisiana, this __28th____ day of _____February_____, 2007.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**