## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ZEBEDEE LOTT**                                             **CIVIL ACTION**

**VERSUS**                                                   **NO. 05-6046**

**JAMES D. MILLER (WARDEN OF THE**                           **SECTION "I"(4)**
**WASH. CORRECTIONAL INSTITUTION)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. On February 28, 2007, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Zebedee Lott's petition for federal habeas corpus relief pursuant to Title 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust three of the claims raised therein.[1] The Court also recommended that the State's limitations defense be rejected.

Thereafter, Lott notified the Court of his decision to withdraw the unexhausted claims.[2] The District Judge adopted the Report and Recommendation and also allowed Lott to dismiss the

---

[1]Rec. Doc. No. 12.

[2]Rec. Doc. No. 13.

unexhausted claims.[3]  The Court referred the matter to the undersigned Magistrate Judge for further review of the remaining claims.

Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[4]

## I.   Factual Background

The petitioner, Zebedee Lott ("Lott"), is incarcerated in the B.B. "Sixty" Rayburn Correctional Center (f/k/a Washington Correctional Institute) in Angie, Louisiana.[5]  On March 21, 2000, Lott was charged by Bill of Information in St. Tammany Parish with simple escape ("Count One"), theft of property valued over $500 ("Count Two"), and simple criminal damage to property valued over $500 ("Count Three").[6]

On June 27, 2000, the Trial Court granted the State's Motion to Sever Counts Two and Three for trial purposes.[7]  Jury selection for the trial on Count One, simple escape, began that same day.[8]  After the jury was selected and sworn, the State withdrew its Motion to Sever and was allowed to

---

[3]Rec. Doc. No. 14.

[4]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[5]Rec. Doc. No. 1.

[6]St. Rec. Vol. 1 of 4, Bill of Information, 1/22/00.

[7]St. Rec. Vol. 1 of 4, Bill of Information, 1/22/00 (handwritten amendments); Trial Minutes (3 pages), 6/27/00.

[8]St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00; St. Rec. Vol. 2 of 4, Trial Transcript, 6/26/00.

amend Count Three to simple criminal damage to property valued less than $500.[9]  Lott thereafter entered a plea of guilty to all three counts as amended.[10]

The State filed a multiple bill on June 28, 2000, to which Lott also entered a plea of guilty.[11] On October 6, 2000, the Trial Court resentenced Lott as a fifth offender on Count One to serve 30 years with credit for time served.[12]

On October 11, 2000, Lott's counsel filed a motion to reconsider that sentence which was granted by the Trial Court on November 2, 2000.[13]  The court resentenced Lott to 25 years on Count One as a multiple offender.  The Court also sentenced Lott to serve five years as to Count Two and six months as to Count Three, with credit for time served and concurrent with the sentence on Count One.

On November 3, 2000, Lott filed a pro se motion to reconsider the sentence imposed as to Count One.[14]  The Trial Court denied the motion on November 10, 2000, as repetitive of the motion heard on November 2, 2000.[15]

---

[9]St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00; St. Rec. Vol. 2 of 4, Boykin Transcript, 6/27/00.

[10]St. Rec. Vol. 1 of 4, Trial Minutes (3 pages), 6/27/00.

[11]St. Rec. Vol. 1 of 4, Minutes of Multiple Bill Hearing, 6/28/00; St. Rec. Vol. 2 of 4, Multiple Bill, 6/28/00.

[12]St. Rec. Vol. 1 of 4, Sentencing Minutes, 10/6/00; St. Rec. Vol. 2 of 4, Sentencing Transcript, 10/6/00.

[13]St. Rec. Vol. 1 of 4, Sentencing Minutes, 11/2/00; St. Rec. Vol. 2 of 4, Motion to Reconsider Sentence, 10/11/00; Transcript of Hearing on Motion to Reconsider Sentence, 11/2/00.

[14]St. Rec. Vol. 2 of 4, Motion for Reconsideration of Sentence, 11/3/00.

[15]St. Rec. Vol. 2 of 4, Trial Court Order, 11/10/00.

In the meantime, on November 7, 2000, counsel timely[16] moved for and was granted leave to appeal.[17]  Counsel raised two grounds for relief, alleging that the 25 year sentence imposed on Count One was excessive and that the Trial Court failed to properly advise Lott regarding delays for seeking post conviction relief.[18]  Lott also raised pro se one other ground for relief regarding the excessiveness of his sentence on Count One.[19]

On September 28, 2001, the Louisiana First Circuit Court of Appeal affirmed the convictions and sentence.[20]  The Court also directed the Trial Court to notify Lott of the delays for seeking post conviction relief.  The Trial Court complied by letter dated October 23, 2001.[21]

Lott sought timely[22] review of the appeal in the Louisiana Supreme Court by Writ Application mailed October 18, 2001 and filed November 13, 2001.[23]  While this Writ Application was pending, Lott filed a Motion to Correct Illegal Sentence in the Trial Court on April 18, 2002.[24]

---

[16]At the time of petitioner's conviction, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider sentence.  Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[17]St. Rec. Vol. 2 of 4, Motion for Appeal, 11/7/00; Trial Court Order, 11/10/00.

[18]St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01; *State v. Lott*, 800 So.2d 450 (La. App. 1st Cir. 2001) (Table).

[19]St. Rec. Vol. 2 of 4, Assignment of Errors and Designation of Record for Appeal, 12/4/00.

[20]St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2000-KA-2832, 9/28/01.

[21]St. Rec. Vol. 3 of 4, Letter to Lott, 10/23/01.

[22]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to file a writ application in the Louisiana Supreme Court. His writ application had a postal meter date of October 18, 2001, which was within that period.  *See* St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2001-KO-2964, 11/3/01 (indicating post mark of 10/18/01); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[23]St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2001-KO-2964, 11/3/01 (post mark 10/18/01).

[24]St. Rec. Vol. 3 of 4, Motion Correction of Illegal Sentence-Review of Illegal Sentence, 4/18/02.

The Trial Court denied the motion on May 7, 2002, for being presented in improper form.[25]  Lott also filed a Motion to Vacate an Illegal Multiple Bill Sentence on July 22, 2002.[26]  The Trial Court denied this motion without reasons on August 2, 2002.[27]

Thereafter, on October 14, 2002, the Louisiana Supreme Court denied Lott's pending Writ Application without reasons.[28]  His conviction became final 90 days later on Sunday, January 12, 2003, or the next business day, Monday, January 13, 2003, because he did not file a writ application with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

## II.   Procedural History

On October 29, 2002, Lott filed a motion seeking to correct or vacate the multiple offender sentence.[29]  The Trial Court denied the motion.[30]  Lott thereafter sought timely review with the Louisiana First Circuit.[31]  The Court denied the application without reasons on May 5, 2003.[32]

---

[25]St. Rec. Vol. 3 of 4, Trial Court Order (undated); Letter from Clerk of Court, 5/7/02 (date order was issued).

[26]St. Rec. Vol. 3 of 4, Motion to Vacate Multiple Bill Sentence, 7/22/02.

[27]St. Rec. Vol. 3 of 4, Trial Court Order, 8/2/02.

[28]*State v. Lott*, 827 So.2d 414 (La. 2002); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2001-KO-2964, 10/14/02.

[29]St. Rec. Vol. 3 of 4, Motion to Correct and Vacate Illegally Multiple Offender Adjudications, 10/29/02.

[30]The record does not contain a copy of the Trial Court's ruling.  In his Notice of Intent to Seek Supervisory Writs, Lott indicates that the motion was denied on January 9, 2003.  St. Rec. Vol. 3 of 4, Notice of Intent, 1/23/03.

[31]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal.  La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.  The Trial Court gave Lott until March 17, 2003, to file for review.  The Writ Application No. 03-KW-0369 is not in the record before the Court.  The filing date of February 18, 2003, was obtained from the Office of the Clerk for the Louisiana First Circuit.

[32]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2003-KW-0369, 5/5/03.

Lott submitted a Memorandum in Support of Application for Post Conviction Relief to the Trial Court on May 26, 2003, which was filed by that court on June 2, 2003, raising four claims:[33] (1) ineffective assistance of counsel during the multiple bill proceeding for failure to notify him of the sentencing range and failure to present mitigating factors; (2) the Trial Court failed to vacate the original sentence before imposing the multiple offender sentence; (3) the Trial Court failed to consider the sentencing factors provided under La. Code Crim. P. art. 894.1; and (4) the Trial Court erred in using the simple escape conviction during the multiple bill proceeding when that conviction was not yet final.

While this matter was pending, Lott filed two more motions for reconsideration of his sentence with the Trial Court on February 12, 2004, and June 1, 2004.[34] The Court denied both motions by orders issued February 17, 2004 and June 21, 2004, respectively.[35]

On June 4, 2004, the Trial Court denied Lott's pending application for post conviction relief finding that the first and fourth claims, regarding ineffective assistance of counsel and finality of the simple escape conviction, were without merit.[36] The Court also found that the second and third claims regarding sentencing errors were barred from review pursuant to La. Code Crim. P. art.

---

[33]St. Rec. Vol. 3 of 4, Memorandum in Support of Application for Post Conviction Relief, 6/2/03.

[34]St. Rec. Vol. 3 of 4, Motion for Out of Time Reconsideration of Sentence, 2/12/04; Memorandum in Support of Reconsideration and Commutation of Sentence, 6/1/04.

[35]St. Rec. Vol. 3 of 4, Trial Court Order, 2/17/04; Trial Court Order, 6/21/04.

[36]St. Rec. Vol. 3 of 4, Order Dismissing Application for Post Conviction Relief, 6/4/04.

930.3.[37]  Lott's subsequent Writ Application to the Louisiana First Circuit was denied on September 27, 2004, pursuant to La. Code Crim. P. art. 930.3.[38]

In the meantime, Lott filed another Motion to Correct his multiple offender sentence in the Trial Court on August 20, 2004.[39]  The Trial Court eventually denied the Motion on October 25, 2004.[40]

On November 9, 2004, Lott submitted an untimely[41] Writ Application to the Louisiana Supreme Court, which was filed on December 1, 2004, challenging the Louisiana First Circuit's September 27, 2004, order.[42]  In this Writ Application, Lott raised two grounds for relief: 1) ineffective assistance of counsel subjected him to an illegal sentence where counsel failed to provide a factual basis, allowed insufficient evidence to support the multiple bill, and failed to investigate the predicate offense; and 2) the Trial Court failed to comply with La. Code Crim. P. art. 894.1.

---

[37]*Id.*

[38]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2004-KW-1732, 9/27/04.  La. Code Crim. P. art. 930.3 dictates that claims of excessive sentence or errors in sentencing were not proper grounds for post-conviction relief.

[39]St. Rec. Vol. 3 of 4, Motion to Correct An Illegal Multiple Offender Adjudication, 8/20/04.

[40]This ruling is not in the record.  The ruling date is referenced in a later court order denying a subsequent motion as repetitive of this one.  St. Rec. Vol. 3 of 4, Trial Court Order, 7/13/05.

[41]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a writ application in the Louisiana Supreme Court. He did not date the signature on the writ application.  It was, however, postal marked November 9, 2004, and filed December 1, 2004.  Both dates are outside the allowable period.  *See* St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (post marked envelope attached, 11/9/04); La. S. Ct. Letter, 2004-KH-2928, 12/1/04 (post mark 11/9/04); *see Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

[42]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 04-KH-2928, 12/1/04 (post mark 11/9/04).

While this Application was pending, Lott filed a Motion to Amend, Modify and/or Reconsideration of Sentence with the Trial Court on July 7, 2005.[43]  The court denied the motion as repetitive of the motion previously heard on October 25, 2004.[44]

Lott filed two more motions on August 17, 2005, the first to vacate the multiple bill and the second for reconsideration of the sentence.[45]  The Trial Court denied both motions without reasons by separate orders issued August 23, 2005.[46]

While the latter motions were pending in the Trial Court, the Louisiana Supreme Court denied Lott's pending Writ Application without reasons on August 19, 2005.[47]

Lott later filed a Writ Application with the Louisiana First Circuit on September 19, 2005, seeking review of the Trial Court's rulings issued August 23, 2005.[48]  The Louisiana First Circuit denied the Writ Application without reasons on November 15, 2005.[49]

---

[43]St. Rec. Vol. 3 of 4, Motion to Amend, Modify, and/or Reconsideration of Sentence, 7/7/05.

[44]St. Rec. Vol. 3 of 4, Trial Court Order, 7/13/05.

[45]St. Rec. Vol. 3 of 4, Motion to Vacate an Illegal Multiple Bill, 8/17/05; Motion for Reconsideration of Sentence, 8/17/05.

[46]St. Rec. Vol. 3 of 4, Trial Court Order, 8/23/05; Trial Court Order (2), 8/23/05.

[47]*State ex rel. Lott v. State*, 908 So.2d 660 (La. 2005); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2004-KA-2928, 8/19/05.

[48]The record does not contain a copy of this Writ Application.  The filing date of September 19, 2005, for Writ Application No. 2005-KW-2036 was obtained from the Office of the Clerk for the Louisiana First Circuit.

[49]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2005-KW-2036, 11/15/05.

## III.   **Federal Petition**

Of the claims raised by Lott, the claims remaining for review are as follows:[50] 1) ineffective assistance of counsel where counsel did not advise him of the sentencing range; and 2) the 25-year multiple offender sentence was excessive and the Trial Court failed to provide reasons for it as required under La. Code Crim. P. art. 894.1.

With respect to these two claims, the State argued in its response to Lott's petition that the petition was untimely.  It argued alternatively that the first claim, ineffective assistance of counsel, is without merit and the second claim, excessive sentence, is procedurally barred from federal habeas corpus review.[51]

## IV.   **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[52] applies to Lott's petition, which is deemed filed in this court under the federal mailbox rule on August 27, 2005.[53]  The threshold questions in habeas review under the amended

---

[50]Rec. Doc. Nos. 1, 5.

[51]Rec. Doc. No. 10.  The Court again notes that the State's limitations defense has already been rejected.  Rec. Doc. Nos. 12, 14.

[52]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[53]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Due to the extraordinary circumstances of and mail and processing delays caused by Hurricane Katrina, the clerk of court filed Lott's federal habeas petition on December 7, 2005, when the pauper application was granted.  Lott dated his signature on the petition on August 27, 2005.  This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing.

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the Court has already addressed the State's defenses of statute of limitations and exhaustion in the prior Report and Recommendation, adopted by the Court on March 19, 2007.[54] The State also alleges that Lott's second claim is in procedural, a defense which will be addressed at this time.

## V.   <u>Procedural Default</u>

As noted above, two claims remain for consideration with the Court: (1) ineffective assistance of counsel for failure to advise him of the sentencing range; and (2) the sentence was excessive and the Trial Court failed to consider mitigating factors under La. Code Crim. P. art. 894.1. The record reflects that Lott first challenged the general excessiveness of his 25-year multiple offender sentence on direct appeal. The claim was dismissed as meritless by the Louisiana First Circuit. The Louisiana Supreme Court also denied relief on the claim without stated reasons. Thus, the excessive sentence facet of Lott's second claim is not procedurally barred from federal review since the state courts have addressed the merits. To the extent the State suggests otherwise, the defense is rejected.

However, Lott again challenged his sentence in his application for post conviction relief where he argued that the Trial Court failed to consider mitigating factors under La. Code Crim. P. art. 894.1. He also alleged in that application that his counsel gave ineffective assistance when he failed to inform him of the sentencing range. As outlined above, the Trial Court dismissed the

---

[54]Rec. Doc. Nos. 12, 14.

ineffective assistance of counsel claim as meritless and barred review of the sentencing issue under La. Code Crim. P. art. 930.3. However, when Lott brought the issues to the Louisiana First Circuit, that Court denied the writ application citing only La. Code Crim. P. art. 930.3. The Louisiana Supreme Court denied Lott's later filed writ application without additional reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion). Thus, the last state court decision denied relief on both the ineffective assistance of counsel claim and the mitigating factor issue pursuant to La. Code Crim. P. art. 930.3.

Under La. Code Crim. P. art. 930.3, post-conviction relief will not be granted unless the petitioner establishes that: (1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute the ex post facto application of law in violation of the federal or state constitution; (7) the results of DNA testing performed prove by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted. The Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, has ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief. *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits

of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

In this case, the state court barred review of Lott's claims as inappropriate for post conviction review under La. Code Crim. P. 930.3. This Court must consider whether the bar prohibits consideration of the claim on federal habeas corpus review. For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.

### A.    Independent State Ground

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. In this case, the Trial Court relied exclusively on a rule of Louisiana procedural default, independent of federal law, in reaching its decision to dismiss petitioner's post conviction claim. The ruling was therefore based on an independent state ground. *See e.g.*, *Marshall v. Hubert*, No. 00-0334, 2000 WL 1059820 (E.D. La. July 31, 2000) (Duval, J.) (Art.

930.3); *Ardis v. Cain*, No. 99-1862, 1999 WL 997497 (E.D. La. Oct. 29, 1999) (Berrigan, J.) (Art. 930.3).

### B.   Adequate State Ground

The question of the adequacy of a state procedural bar is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965); *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902 (citing *Amos*, 61 F.3d at 339). A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id*. This federal habeas court must therefore evaluate the adequacy of each of the rules applied to bar petitioner's claims.

A federal habeas court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985)); *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, 2002 WL 31133094 at *4 n.2 (N.D. Ill. July 18, 2002). For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, 2001 WL 611164 at *4

n.10 (N.D. Tex. May 30, 2001); *see also*, *Johnson v. Lensing*, 1999 WL 562728 at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, 1999 WL 518843 (E.D. La. July 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar review because it was misapplied).  However, where such a basis exists in state law, the bar must stand.

In this case, the state courts relied on La. Code Crim. P. art. 930.3 to bar review of Lott's ineffective assistance claim and the post conviction sentencing issue.  The federal courts have repeatedly held that La. Code Crim. P. art. 930.3 is an adequate state law ground for dismissal which bars review of similar claims by the federal courts in a habeas corpus proceeding.  *See*, *e.g.*, *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016  (5th Cir. Sept. 28, 2000) (Table, Text in Westlaw); *Dedmond v. Cain*, No. 03-3375, 2005 WL 1578086 (E.D. La. June 30, 2005) (Berrigan, C.J.) (Art. 930.3 and *State ex rel. Melinie* are independent and adequate); *Neal v. Kaylo*, No. 01-2211, 2001 WL 1195879 (E.D. La. Oct. 10, 2001) (Duplantier, J.) (same); *Leonard v. Hubert*, No. 00-0511, 2001 WL 333123 (E.D. La. Apr. 4, 2001) (Schwartz, J.) (same); *Marshall v. Hubert*, No. 00-0334, 2000 WL 1059820 (E.D. La. July 31, 2000) (Duval, J.) (same).  The Court reiterates that it is not within the federal court's province to disagree with the application of the bar, only to determine its adequacy.  In this case, the Court therefore finds that the state procedural bar imposed under La. Code Crim. P. art. 930.3 is adequate to bar review of the merits of Lott's claims.

Lott will be excepted from the procedural bars in spite of his default only if he can show cause for his default <u>and</u> prejudice attributed thereto.  Alternatively, he could demonstrate that the federal court's failure to review the claims will result in a fundamental miscarriage of justice.

*Nobles*, 127 F.3d at 414 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262 and *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

**C.     Cause and Prejudice**

To establish cause for his procedural default, Lott must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even under a broad reading, he has not demonstrated in his pleadings the existence of any objective factor external to the defense that impeded his ability to raise these claims in a procedurally proper manner.

Furthermore, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Murray*, 477 U.S. at 486; *see also*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (a petitioner must first prove that counsel's actions were constitutionally deficient before such a claim can stand as cause for a procedural default). Lott has not suggested that his counsel was remiss in failing to raise this particular issue on appeal. The Court also notes that if Lott intends to rely on the alleged ineffective assistance of appellate counsel as cause, he must first independently exhaust the claim, which he has not done. *Edwards*, 529 U.S. at 451. Lott, therefore, has not shown cause for his failure to properly raise these claims in state court.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982)). Thus, having failed to show an objective cause for his default, the Court need not determine whether prejudice existed. *See Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir.

1977)).  Lott has not alleged any actual prejudice.  His claims are therefore procedurally barred from

review by this court.  *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review

precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with

state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated*

*on other grounds*, 522 U.S. 87 (1998).[55]

### D.      <u>Fundamental Miscarriage of Justice</u>

Lott's only remaining means of escaping this bar is if he can establish that a fundamental

miscarriage of justice will occur if the merits of his claims are not reviewed.  *Hogue*, 131 F.3d at 497

(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  To establish this, a petitioner must provide

the court with evidence that would support a "colorable showing of factual innocence."  *Kuhlmann*

*v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.  "To

satisfy the 'factual innocence' standard, a petitioner must establish a fair probability that,

considering all of the evidence now available, the trier of fact would have entertained a reasonable

doubt as to the defendant's guilt."  *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997)

(footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by

clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have

found the applicant guilty of the underlying offense.")

Lott has not pointed to any new or existing evidence which would create a reasonable doubt

as to his guilt or which would establish his actual innocence of the crimes charged.  *Murray*, 477

U.S. at 496.  When the petitioner has not factually established his actual innocence, his procedural

---

[55]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument sua sponte.  *Id*.  In the instant case, the State has affirmatively raised the procedural default defense.

default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Because Lott has not met any exception to the procedural bar, his procedurally defaulted claims must be dismissed with prejudice without review of the merits. The Court will proceed with review of Lott's remaining excessive sentence claim.

## VI.   Standard of Review of the Merits

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law and mixed questions of fact and law. A state court's determinations of questions of fact are presumed correct, and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. 28 U.S.C. § 2254(d)(1). The standard provides deference to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Id*. A state court's decision can be "contrary to" federal law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792 (2001).

A state court's decision can involve an "unreasonable application" of federal law if it either: (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *cf. Wright v. West*, 505 U.S. 277, 304 (1992). The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *See e.g., Id.*, at 305; *see also Chambers v. Johnson*, 218 F.3d 360, 364 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002).

## VII.   <u>Excessive Sentence</u>

Lott argues that the 25-year sentence as a fifth offender is excessive.  On November 2, 2000, the Trial Court sentenced Lott as a fifth offender to serve 25 years in prison.  Lott and his counsel argued on direct appeal that this sentence was excessive given that the prior offenses were mostly non-violent and that Lott was already 41 years old.  The Louisiana First Circuit first noted that the 25-year sentence was at the low end of the sentencing range for a fifth offender.  The Court then reviewed the Trial Court's pre-sentence report and determined that Lott was a lifetime criminal with a record extending over 30 years.  The Court also noted that Lott had several arrests for violent crimes against persons, including aggravated assault, aggravated rape, armed robbery, aggravated battery, and attempted murder.

The Court further considered that Lott had never been gainly employed for more than a short period and had taken advantage of his prison trustee status, which led to his simple escape conviction.  In addition, at least two of his prior crimes were committed while on probation and parole.  Considering these facts, the Louisiana First Circuit resolved that the 25 year sentence was not excessive as applied to Lott.  This was the last reasoned decision on the issue.

Federal courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits.  *Haynes v. Butler*, 825 F. 2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state a cognizable habeas claim for excessive sentence).  If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense.  *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983).

"[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). When a habeas petitioner has been sentenced under a habitual offender statute, a federal court must consider "the seriousness of his most recent offense, not as it stands alone, but in the light of his prior offenses." *McGruder*, 954 F. 2d at 316.

As outlined above, the Louisiana courts made this same comparison in considering Lott's sentence as a fifth offender. At the time of Lott's offense, La. Rev. Stat. Ann. § 15:529.1(A)(1)(c)(I) provided in relevant part the following sentencing scheme for a fourth or subsequent felony offender like Lott:

> A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: . . .
> (c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then: . . .
> (I) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in not event less than twenty years and not more than his natural life; . . .

(emphasis added).

The original charge, simple escape, carries a sentence of two to five years. La. Rev. Stat. Ann. § 14:110. Reading these sentencing provisions together, as a habitual offender, Lott was facing

20

a sentence of no less than 20 years to life imprisonment.  The 25-year sentence imposed upon him was well within this range.  This court must now consider proportionality.

The United States Supreme Court has stated that "the Eighth Amendment does not require strict proportionality between crime and sentence.  Instead, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Ewing v. California*, 528 U.S. 11, 23 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy J., concurring in part and concurring in judgment)).  The Supreme Court has recognized that only the rare case will reach the level of gross disproportionality.  *Id*. at 30.  As noted above, that disproportionality is judged by whether similar sentences have been imposed for the same offense.  *Smallwood*, 73 F.3d at 1346-47.

The Court's research has uncovered very few reported Louisiana decisions in which a defendant was convicted of simple escape and then sentenced as a fourth or subsequent multiple offender.  The cases the Court has located, however, do not demonstrate that Lott's sentence was grossly disproportionate.  *State v. Harrison*, 2007 WL 866247 (La. App. 1st Cir. Mar. 23, 2007) (life imprisonment as a fourth offender); *State v. Hogan*, 882 So.2d 722 (La. App. 2nd Cir. 2004) (20 years in prison as a fourth offender with prior convictions for felony theft, unauthorized use of a movable, possession of stolen property, simple burglary, possession of cocaine, theft, and simple battery).

For the reasons discussed above, Lott's sentence was not unconstitutionally excessive under federal law.  The denial of relief on this issue was not contrary to, or an unreasonable application of, established Supreme Court precedent.  This claim is without merit.

## VIII.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Zebedee Lott's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of September, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**